IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| THERESA ELAINE MIDDLEBROOKS, | ) ) ) | 8:15CV1 |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | **MEMORANDUM AND ORDER** |
| CENTURYLINK COMMUNICATIONS, and QWEST COMMUNICATIONS, | ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiff Theresa Elaine Middlebrooks filed her Complaint (Filing No. 1) in this matter on January 5, 2015. This court has given her leave to proceed in forma pauperis. The court now conducts an initial review of her Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff was apparently employed by Defendants. (Filing No. 1 at CM/ECF p. 1.) Liberally construed, Plaintiff alleges she was discriminated against on the basis of age and disability in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213.[1] Liberally construed, Plaintiff may also be attempting to assert claims under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601-2654.

---

[1] Plaintiff's statement of jurisdiction sets forth that she suffered "[d]iscrimination in reference to age and disability." (Filing No. 1 at CM/ECF p. 4.) However, Plaintiff did not allege facts setting forth her age or suggesting she is disabled within the meaning of the ADA.

Plaintiff alleged the events set forth in her Complaint "occurred on a continuous basis for the ongoing period of about five to seven years beginning in about 2008." (Filing No. 1 at CM/ECF p. 2.) Plaintiff's allegations of what occurred are vague and disjointed. She alleged she was "initially being harassed by several managers." (*Id.*) At some point, the Nebraska Equal Opportunity Commission confirmed "discrimination actions were being committed." (*Id.*) Thereafter, the harassment stopped and then started again. It is unclear what this harassment consisted of or whether Plaintiff's remaining allegations constitute the harassment she complains of.

Plaintiff alleges that, at some point, she was denied leave under the FMLA even though she was eligible to receive it. (*Id.*) Plaintiff also alleges that, at some point while she was at work, "all eight bottles of [her] medicine had been dumped into the bottom of [her] purse," apparently by someone at her work. (*Id.* at CM/ECF p. 2.) According to Plaintiff, she complained to management about the incident with her medication "along with other [issues]" she was having at work, and "no changes were made." (*Id.*)

At some point thereafter, while Plaintiff was in a meeting with a "union stewardess," Plaintiff stated, "I'm not sure if I should be [sic] bring a weapon or gun to my job to protect myself or what." (*Id.* at CM/ECF p. 3.) Plaintiff's employment was terminated "for making reference to a gun." (*Id.*) Upon Plaintiff's termination, the company kept all of Plaintiff's vacation and paid time off. (*Id.*) Also, "due to company error," she was unable to obtain COBRA medical coverage to treat her "congestive heart failure." (*Id.*) Plaintiff does not explain what relief she seeks except to state she would like assistance finding a lawyer to represent her. (*Id.* at CM/ECF p. 5.)

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III.  DISCUSSION OF CLAIMS

**A.     Allegations of Discrimination**

3

Plaintiff set forth in her Complaint that she suffered age and disability discrimination. As discussed below, her Complaint does not state a plausible claim that she was discriminated against based on her age or disability.

A plaintiff need not plead facts sufficient to establish a prima facie case of employment discrimination in her complaint. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-512 (2002) (holding a complaint in employment discrimination lawsuit need not contain "facts establishing a prima facie case," but must contain sufficient facts to state a claim to relief that is plausible on its face), *abrogated in part on other grounds by Twombly*, 550 U.S. at 570. However, the elements of a prima facie case are relevant to a plausibility determination. *See Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 54 (1st Cir. 2013) (stating elements of a prima facie case are "part of the background against which a plausibility determination should be made" and "may be used as a prism to shed light upon the plausibility of the claim"); *see also Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) ("While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim.").

### 1.     Age Discrimination

Liberally construed, Plaintiff asserts claims under the ADEA. The ADEA protects individuals over 40 and prohibits an employer from failing or refusing to hire, discharging, or otherwise discriminating against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's age. 29 U.S.C. § 623(a); *Anderson v. Durham D & M, L.L.C.*, 606 F.3d 513, 523 (8th Cir. 2010). The court looks to the elements of a prima facie case of discrimination in assessing whether Plaintiff has pled enough facts to make entitlement to relief plausible.

To set forth a prima facie claim of age discrimination, a plaintiff must establish that (1) she is over 40; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) similarly-situated employees outside the class were treated more favorably. *Anderson*, 606 F.3d at 523. "The hallmark of an ADEA disparate-treatment claim is intentional discrimination against the plaintiff on account of the plaintiff's age." *Rothmeier v. Inv. Advisers, Inc.*, 85 F.3d 1328, 1331 (8th Cir. 1996). This requires proof that age was the "but-for" cause of the employer's adverse decision. *Gross v. FBL Fin. Servs. Inc.*, 557 U.S. 167, 176-78 (2009).

Here, Plaintiff does not allege she is over 40. In addition, even if the court were to assume Plaintiff is over 40, the court cannot infer from her allegations that Plaintiff was discriminated against in any way because of her age. In short, Plaintiff's allegations do not state a plausible age-discrimination claim against Defendants. On the court's own motion, Plaintiff will be given an opportunity to file an amended complaint that sets forth additional facts in support of her claim.

### 2. Disability Discrimination

Liberally construed, Plaintiff asserts claims under the ADA. The ADA provides that:

> No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a). A person is disabled within the meaning of the ADA only if she demonstrates that she has a physical or mental impairment that substantially limits one or more of her major life activities, that she has a record of such an impairment, or that she is regarded as having such an impairment. *Amir v. St. Louis Univ.*, 184 F.3d 1017, 1027 (8th Cir. 1999).

Here, Plaintiff does not allege she is disabled within the meaning of the ADA. Even if the court were to assume Plaintiff suffers from a disability covered by the ADA, the court cannot reasonably infer from the allegations in the Complaint that she was discriminated against in any way because of a disability. As mentioned above, Plaintiff will be given an opportunity to file an amended complaint that sets forth additional facts in support of her claims.

### 3.     FMLA Claims

The Eighth Circuit has recognized three categories of FMLA claims arising under 29 U.S.C. § 2615(a)(1)-(2): "(i) entitlement claims, in which an employee alleges a denial of a benefit to which he was entitled under the statute; (ii) discrimination claims, in which an employee alleges that the employer discriminated against him in the terms and conditions of employment because the employee exercised rights to which he was entitled under the FMLA; and (iii) retaliation claims, in which an employee alleges that the employer took adverse action against him for opposing a practice made unlawful under the FMLA." *Johnson v. Wheeling Mach. Prods.*, 779 F.3d 514, 517-518 (8th Cir. 2015).

Here, it is unclear whether Plaintiff intended to assert a claim under the FMLA. She alleged only the following: "I request (sic) Family Medical Leave and was not provided with approval although I was eligible." (Filing No. 1 at CM/ECF p. 2.) While pro se pleadings must be construed liberally, such pleadings may not be merely conclusory; the complaint must allege facts, which if true, state a claim as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1285-1286 (8th Cir.1980). "[T]here is a difference between liberally reading a claim which 'lacks specificity' . . . and inventing, *ex nihilo*, a claim which simply was not made." *Shannon v. Ford Motor Co.*, 72 F.3d 678, 685 (8th Cir.1996). Plaintiff must clearly set forth in her amended complaint whether she intended to raise an FMLA claim in this action. If so, Plaintiff

must provide the court with additional facts in support of her claim, including when the alleged FMLA violation occurred.

**B.      Exhaustion of Administrative Remedies**

Liberally construed, Plaintiff brings her claims under the ADEA and the ADA. To pursue discrimination claims under the ADEA, a plaintiff must exhaust all administrative remedies. *See generally* 29 U.S.C.§ 626(d)(1). To accomplish this, a plaintiff must first present her claims to the Equal Employment Opportunity Commission ("EEOC") or the Nebraska Equal Opportunity Commission ("NEOC") by filing an administrative charge of discrimination. *See*, *e.g*., *Dorsey v. Pinnacle Automation Company*, 278 F.3d 830, 835 (8th Cir. 2002) (finding the ADEA requires the filing of an administrative charge of discrimination with the EEOC). Even if a plaintiff timely files an administrative charge, she cannot proceed with her claims in federal court unless she first receives a right-to-sue letter and files her claim within 90 days. 29 U.S.C. § 626(e).

To pursue claims under the ADA, a plaintiff must first exhaust her administrative remedies. *See* 42 U.S.C. § 12117(a) (stating that the remedies and procedures set forth in Title VII, including those pertaining to exhaustion, apply to disability discrimination claims). As with ADEA claims, a plaintiff is required to seek relief through the EEOC or the NEOC prior to filing suit in this court. Even if a plaintiff timely files an administrative charge, she cannot proceed with her claims in federal court unless she first receives a right-to-sue letter and files her claim within 90 days. *See* 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a) (§2000e-5 applies to ADA).

Here, Plaintiff did not file a copy of her right-to-sue notice. Thus, the court cannot determine whether Plaintiff has exhausted her administrative remedies or whether her claims are timely filed in this court. On the court's own motion, the court

will permit Plaintiff 30 days in which to file a copy of her right-to-sue notice. In the alternative, Plaintiff may amend her complaint to allege that she filed suit within 90 days of her receipt of any right-to-sue notices pertaining to her claims.

IT IS THEREFORE ORDERED that:

1.  Plaintiff must file an amended complaint within 30 days that asserts plausible claims for relief under the ADA, ADEA, or FMLA. To the extent Plaintiff intended to allege something other than, or in addition to, claims under the ADA, ADEA, or FMLA, she must so provide in her amended complaint.

2.  Plaintiff must also file a copy of her right-to-sue notice or notices. In the alternative, Plaintiff may amend her complaint to allege that she filed suit within 90 days of her receipt of any right-to-sue notices pertaining to her claims.

3.  Plaintiff's failure to act in accordance with this order will result in dismissal of this action.

4.  The clerk's office is directed to set the following pro se case management deadline: May 8, 2015: Check for amended complaint and notices.

DATED this 7th day of April, 2015.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.